THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* ANDRÉS AVELINO CORREA LAUGART, Defendant and Appellant.

No. 7603.   Argued April 27, 1939.—Decided May 16, 1939.

*Carlos D. Vázquez* for appellant.   *R. A. Gómez, Prosecuting Attorney,* and *Luis Janer, Assistant Prosecuting Attorney* for appellee.

MR. JUSTICE WOLF delivered the opinion of the Court.

In the District Court of San Juan Andrés Avelino Correa Laugart was charged with blackmail.   On the 13th of December 1938, his case was called and he confessed himself guilty and the court sentenced him to a year in the penitentiary at hard labor.   The defendant did not have an attorney at the hearing and we do not find that he waived his right.

On appeal two errors are alleged, as follows:

"1.—The court committed error in rendering judgment convicting the defendant of blackmail inasmuch as the information filed by the district Attorney did not impute such a crime to the defendant.

"2.—The district court committed manifest error and proceeded without jurisdiction in convicting the defendant in this case inasmuch as said defendant was not advised of his right to consult, and be represented by, an attorney."

The *Fiscal* agrees fully with the second assignment of error and agrees with one of the reasons alleged by the dedefendant setting up the insufficiency of the information.

In a number of cases following the opinion in *Johnson* v. *Zerbst*, 304 U. S. 458, we have held that where a case is tried without an attorney the defendant is entitled at least to a new trial. For the principles governing the position of the defendant, the following cases are applicable: *People* v. *Rodríguez (a) Garufa*, No. 7618; *Andino* v. *District Court*, Certiorari 1172; *People* v. *Rosario Matta*, No. 7550; *Hernández Laureano* v. *Lugo*, No. 114, Habeas Corpus; *People* v. *Rivera*, decided April 14, 1939.

The information in this case is essentially as follows:

"The said Andrés Avelino Correa y Laugert, on the 12th of December 1938, in San Juan which forms part of the judicial district of that same name, illegally, voluntarily, and maliciously threatened to publish in the newspapers of San Juan calumniating facts against Matilde Berríos affecting her reputation and so worked upon the said Matilde Berríos that she delivered to him, by reason of said threat, the sum of twenty dollars."

The alleged deficiencies were as follows:

"A.—That the person owning the property the object of the crime of blackmail gave up the same with her own consent, such consent having been the consequence of force or of fear.

"B.—That the slanderous facts which the defendant threatened to publish in the newspapers were secret.

"C.—In failing to state what the slanderous facts were."

The *Fiscal* agrees that the information is insufficient because of ground "A", but we do not quite see that the words "and so worked upon the said Matilde Berríos that she delivered to him, by reason of said threat, the sum of twenty dollars," do not charge that the property was obtained with the consent of the victim by the wrongful use of force or fear or under color of official right. We refer to briefs of both parties for authorities. It might be that we could be convinced to the contrary, but we do not deem it advisable definitely to decide the question, as the demurrer to the information should be argued in the first instance before the district court with a lawyer present.

Therefore, following the precedents, the judgment should be reversed and the case sent back for further proceedings not inconsistent with this opinion.